IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

STEVEN HOLT PLAINTIFF

v. Civil No. 4:25-cv-04044-MEF

FRANK BISIGNANO, Commissioner,
Social Security Administration DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act. (ECF No.19). On August 11, 2026, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $3,253.60, representing a total of 16.60 attorney hours for work performed in 2025 and 2026 at an hourly rate of $196.00. (*Id.*). On August 12, 2026, the Commissioner filed a response voicing no objections. (ECF No. 20).

**I. Discussion**

The Court finds that the Plaintiff is entitled to a fee award in this case, as he is the prevailing party, the government's decision to deny benefits was not "substantially justified," the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable, and the hourly rates requested for attorney work do not exceed the CPI for any of the years in question. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the

skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). However, the hourly rate requested exceeds the hourly rate approved for the years in question. Accordingly, Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $3,253.60.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff; however, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

## II. Conclusion

Based upon the foregoing, Plaintiff is awarded the sum of **$3,253.60** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

IT IS SO ORDERED on this 21st day of August 2026.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE